FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 3 0 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BURUDI FAISON

        Petitioner,

-against-

UNITED STATES,

        Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
12-CV-2215 (SJF)

In 2007, after a trial before this Court, a jury convicted petitioner Burudi Faison (Faison) of two (2) narcotics offenses, for which he was sentenced to a term of imprisonment. Faison, *pro se*, now petitions under 28 U.S.C. § 2255(f)(3) to reduce his sentence, based upon the United States Supreme Court's holding in *Alleyne v. United States,* 133 S. Ct. 2151, 2155 (2013). [Docket No. 6]. On October 11, 2013, he moved to expedite the Court's review of this 28 U.S.C. § 2255 petition. [Docket No. 7]. Although unopposed, the motions are denied.

## I.    BACKGROUND

On April 2, 2009, this Court sentenced Faison to two (2) concurrent terms of imprisonment of one hundred sixty-two (162) months for one count of conspiracy to possess more than five hundred grams (500g) of cocaine with intent to distribute, and a second count for of attempt to possess five hundred grams (500g) of cocaine with intent to distribute under 21 U.S.C. § 846 and 841(a)(1), 841(b)(1)(B)(ii)(II), and 851(a)(1). *United States v. Faison,* No. 07-cr-700 [Docket Entry No. 87]; *United States v. Faison,* 393 F. App'x 754, 757 (2d Cir. 2010). The Second Circuit affirmed Faison's conviction, but remanded for resentencing. *Faison,* 393 F. App'x at 761. This Court resentenced Faison to two (2) concurrent one hundred thirty-seven

(137)-month terms of imprisonment. *United States v. Faison*, No. 07-cr-700 [Docket Entry No. 110].

## II.   DISCUSSION

Faison argues in this petition that the Supreme Court announced a new rule of law in *Alleyne*, 133 S. Ct. at 2155. Petitioner's Brief (Pet'r's Br.) 1–3. In that case, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," and alleged in the indictment. *Alleyne*, 133 S. Ct. 2154–55. Yet he contends that he "[rec[ei]ved an enhanced minimum sentence under 21 U.S.C. [§] 851, and [] had his offense level raised by two levels under [U.S.S.G. §] 4A1.2 [(2007)], neither of which were alleged in his indictment," in violation of this holding. Pet'r's Br. 2. Accordingly, he urges the Court to apply the holding of *Alleyne* retroactively to reduce his sentence. Pet'r's Br. 1–3.

However, as the Second Circuit explained, "'a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.'" *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (quoting *Tyler v. Cain*, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L. Ed.2d 632 (2001)). It further held that *Alleyne* did not apply retroactively to cases on collateral review, such as 28 U.S.C. § 2255 petitions. *Redd*, 735 F.3d at 92 ("Accordingly, *Alleyne* did not announce a new rule of law made retroactive on collateral review. As a result, Shue's motion—construed as a [28 U.S.C.] § 2255 motion—is denied."). In light of the Second Circuit's clear guidance on this issue, the Court denies Faison's 28 U.S.C. § 2255 petition.

## III.   CONCLUSION

For the foregoing reasons, Faison's petition to reduce his sentence under 28 U.S.C. § 2255 petition is DENIED. The Court further DENIES AS MOOT Faison's motion

to expedite the Court's decision. This order does not affect Faison's pending January 5, 2015, 18 U.S.C. § 3582(c) application to modify his sentence. *United States v. Faison*, No. 07-cr-700 [Docket Entry No. 120]. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Faison, to docket a copy under No. 07-cr-700, and mark this case CLOSED.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: September 30, 2015
       Central Islip, New York